### Commonwealth *vs.* Mary Lahey.

On the trial of an indictment for adultery, the Commonwealth, after introducing evidence of the crime, may give in evidence acts of improper familiarity at a previous time between the defendant and the person with whom the adultery is charged.

Indictment for adultery. Trial in the court of common pleas in Bristol, at December term 1858, before *Briggs,* J., to

whose rulings the defendant alleged exceptions, which were submitted without argument, and are stated in the opinion.

HOAR, J. The defendant being on trial for adultery, the government offered the evidence of a witness in direct proof of the offence charged, and offered the evidence of the same witness to acts of improper familiarity between the defendant and the person with whom the adultery was charged, committed at a previous time, in the presence of the witness and another person. The defendant attempted, by cross-examination, to shake the credit of the witness; and an argument upon his credibility, bias and interest in the prosecution was addressed to the jury; but no evidence was offered to impeach or contradict him. The defendant asked that his evidence in relation to all the other acts except the direct fact of adultery might be withdrawn from the consideration of the jury; but the court refused to withdraw it, and a verdict of guilty being found, the defendant excepts.

We think the ruling of the court was right, both upon principle and authority.

In *Commonwealth* v. *Meriam*, 14 Pick. 518, it was held that previous acts of improper familiarity might be given in evidence, to corroborate the principal witness to the fact of adultery, whose testimony had been impeached; and we see no difference upon this point between an attempt to impeach a witness by direct evidence, and an attempt to produce the same effect by facts drawn from the witness himself upon his own cross-examination. In either case, the credit of the witness is made an issue to the jury.

But the court, in *Commonwealth* v. *Meriam*, put the admissibility of this species of evidence upon another ground, that " the circumstances proved were such as would naturally excite in the mind a belief that a woman who would so conduct herself would be more likely to commit the fact alleged against her than if her deportment had been modest and discreet." In other words, the evidence is admissible to show the probability of the principal fact to be proved.

It has indeed been decided that evidence of another distinct act of adultery cannot be given where but one act, upon a

single day charged, is the subject of the trial. *Commonwealth* v. *Horton*, 2 Gray, 354. *Commonwealth* v. *Thrasher*, Bristol 1858. But in the latter case, it was stated that the evidence would have been admissible, if, instead of tending to prove a distinct act of adultery, it had only gone to the extent of improper familiarities between the parties on a previous occasion.

*Exceptions overruled.*